IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ALEX WARREN                                                                                          PLAINTIFF

v.                                                                                               No. 1:12CV26-M-S

STATE OF MISSISSIPPI, ET AL.                                                                  DEFENDANTS

**Memorandum Opinion**

This matter comes before the court on the *pro se* prisoner complaint of Alex Warren, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that Warren was incarcerated when he filed this suit. Warren claims that he was falsely imprisoned on the charge of sale of cocaine. He argues that, though the transactions was recorded on audio and video, he was not the seller on the recording. Warren states in his complaint that the charge is still pending. Warren seeks dismissal of the charges against him. For the reasons set forth below, the instant case will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

**False Imprisonment**

To meet the elements of false imprisonment under Mississippi law, Warren must show that (1) he was detained, and (2) the detention was unlawful. *Powell v. Moore*, 174 So.2d 352 (Miss. 1965). Though Warren has alleged sufficient facts to establish the first element (detention), he has not alleged the second element (the unlawfulness of the detention). In Mississippi, "detention is not synonymous with arrest. It must be without consent and *without legal cause* to constitute false arrest." *Id.* at 355 (emphasis added). Warren alleges in his complaint that the drug transaction at issue was recorded and that the defendants mistakenly

thought that he was the buyer in the video. The arrest of a suspected criminal based upon probable cause (in this case, a video and audio recording) is permissible under the law. U.S. Const. Amend. IV. Probable cause to arrest a suspect exists where the facts and circumstances within the officer's knowledge at the time of the arrest "are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *United States v. Levine,* 80 F.3d 129, 132 (5th Cir.1996)). According to Warren, the officers who arrested him mistook him for the person recorded on video selling drugs. A simply mistake in identification does not rise to the level of an arrest without probable cause. Indeed, though Warren apparently proclaimed his innocence, police officers "have no duty to investigate an exculpatory statement of the accused, and their refusal to do so does not defeat probable cause." *See*, *Mistretta v. Prokesch*, 5 F.Supp.2d 128 (E.D.N.Y. 1998).[1] Thus, as it appears that the defendant officers had probable cause to arrest Warren based upon the recorded drug transaction, this claim must be dismissed for failure to state a claim upon which relief could be granted.

In addition, the plaintiff Warren seeks as relief only release from custody and dismissal of the charges pending against him. A federal court must abstain from interfering with state criminal proceedings except under extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 53-54, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Warren has alleged no such circumstances in his complaint. The instant case will be dismissed for this reason, as well.

---

[1]In addition, it does not appear that Warren was arrested at the scene of the recorded controlled buy. If, instead, he was arrested pursuant to a warrant – or probable cause for arrest and detention was later found in a preliminary hearing– then the causal chain is broken, and the arresting officers cannot be held liable for a Fourth Amendment violation. "Such an arrest is not unconstitutional, and a complaint based on such an arrest is subject to dismissal for failure to state a claim." *Simon v. United States*, 644 F.2d 490 (5th Cir. 1981); *see Walker v. United States*, 471 F.Supp. 38, 40 (M.D.Fla.1978).

In sum, the instant case filed under 42 U.S.C. § 1983 will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

**SO ORDERED,** this the 21st day of March, 2012.

/s/ **MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**